The PYMATUNING WATER SHED CITI-ZENS FOR A HYGIENIC ENVIRON-MENT, A Pennsylvania Non-Profit corporation,

v.

Bert EATON, Frank Arey, Robert Hutton, Ralph Robinson, John Shutzbach, Ronald Staab, individually and as members of the Board of the North and South Shenango Joint Municipal Authority; and North and South Shenango Joint Municipal Authority; and Ontario Pipeline, Inc., a New York Corporation; and Kirila Contractors, Inc., an Ohio Corporation; and Northwest Engineering Co., a Pennsylvania Corporation; North Shenango Township, Crawford County, Pennsylvania; South Shenango Township, Crawford County, Pennsylvania; and the Koski Construction Company, an Ohio Corporation,

The North and South Shenango Joint Municipal Authority, Appellant.

No. 80-2433.

United States Court of Appeals, Third Circuit.

Argued March 19, 1981.

Decided March 30, 1981.

Paul D. Shafer, Jr., (argued), Shafer, Dornhaffer, Swick & Bailey, Meadville, Pa., for appellant.

John V. Adams, Jr., (argued), Adams, Hillen & Shoemaker, Pittsburgh, Pa., for appellee.

Before ALDISERT and HIGGINBOTHAM, Circuit Judges, and MARKEY, Chief Judge.*

OPINION OF THE COURT

PER CURIAM:

The major question presented by this appeal brought under 28 U.S.C. § 1292(a)(1) from an order of the district court requiring

* Honorable Howard T. Markey, of the United States Court of Customs and Patent Appeals, sitting by designation.

the North and South Shenango Joint Municipal Authority to propose a time-table for abating the discharge of untreated sewage into the Shenango River system is whether the district court had jurisdiction to grant relief under § 505 of the Federal Water Pollution Control Act, 33 U.S.C. § 1365. The Joint Authority argues that the district court did not have jurisdiction over the controversy because the plaintiff did not give notice prior to filing suit as required by § 505(b) of the Act. We hold that under the circumstances of this case, the failure to give notice did not deprive the district court of jurisdiction and therefore we affirm.

## I.

Appellee, the Pymatuning Water Shed Citizens for a Hygienic Environment, filed suit against various defendants on May 17, 1979, alleging violations of the Federal Water Pollution Control Act. The complaint alleged that untreated sewage was entering the Shenango River and its tributaries from the sewage system under the control of the Joint Authority. On June 5, 1979, defendants moved for dismissal of the suit on the ground that the appellee failed to give notice to the Administrator of the Environmental Protection Agency, the State of Pennsylvania, and the alleged violators prior to commencing suit as required by § 505(b). That subsection provides that "[n]o action may be commenced" under the Act until such notice is given. The district court denied the motion but stayed its proceedings until the plaintiffs gave the required notices. Subsequently, the court dismissed all of the defendants except the appellant, Joint Municipal Authority, on other grounds.

The court tried the case in May, 1980, and on August 14, 1980, after finding that the discharges violated § 306 of the Act, 42 U.S.C. § 1316, ordered the Authority to

prepare within ninety days "a written proposal containing ... plans and a time-table necessary ... to [abate the discharge] of raw or untreated sewage into the Shenango River and its tributaries." App. at 73a. The court specifically retained jurisdiction over the controversy pending review of the Joint Authority's proposal.[1]

This appeal by the Joint Authority followed. Appellant argues that failure to abide by the § 505(b) notice provision is fatal to the suit and can be cured only by dismissal and refiling after proper notice. We agree with appellee that the notice provision is procedural and that failure to abide by its terms does not void the judgment of the district court.

## II.

In *Susquehanna Valley Alliance v. Three Mile Island Nuclear Reactor*, 619 F.2d 231, 243 (3d Cir. 1980), *cert. denied*, —— U.S. ——, 101 S.Ct. 893, 66 L.Ed.2d 824 (1981), this court adopted a pragmatic approach to the sixty day notice provision in § 505(b)(1). In that case, the persons and entities entitled to notice had actual notice of the claim for more than sixty days before the district court acted on a complaint filed two days after notice was mailed. In rejecting the argument raised by the appellant here, this court noted that "reading section 505(b) to require dismissal and refiling of premature suits would be excessively formalistic." *Id.* Requiring such a procedure after proceeding to the stage of the case presently before us would also waste judicial resources. Moreover, the appellant's argument, if adopted, would frustrate citizen enforcement of the Act. Almost two years have now passed since the filing of the complaint in this action and in the meantime, the alleged flow of sewage has continued unabated.

We find the present case and *Susquehanna Valley* to be indistinguishable.[2] Here

---

1. The district court granted the Joint Authority's petition for supersedeas pending the disposition of this appeal.

2. Relying on *National Sea Clammers Ass'n v. City of New York*, 616 F.2d 1222, 1227-28 (3d

Cir. 1980), *Susquehanna Valley* held alternatively that the savings clause in the citizens' suit provision, 33 U.S.C. § 1365(e), "has independent significance preserving private causes of action ..." 619 F.2d at 243. The United States Supreme Court has granted certiorari in

the district court stayed its proceedings until notice was given to the proper persons and entities. This stay allowed them the time contemplated by the statute for taking appropriate action. Eleven months elapsed before the court began hearing evidence in the case.[3] The district court did not err in exercising its jurisdiction.

### III.

For the foregoing reason, the judgment of the district court will be affirmed.[4]

*National Sea Clammers* on the question of whether the savings clause implies other private rights of action. —— U.S. ——, 101 S.Ct. 66, 66 L.Ed.2d 145 (1980). We base today's decision solely on § 505(a) and not on an implied right of action separate from that section.

3. Prior to that time, the court dismissed the other defendants. The court also denied plaintiff's motion for preliminary relief. The Authority claims no prejudice from these actions.

4. We have considered the other contentions raised by the appellant and find them to be without merit.